OPINION
Appellant Scott W. Cook filed for unemployment benefits in Ohio, his place of residence. He worked for several employers in states other than Ohio, including the State of Michigan. The Administrator requested wage information from the Bureau of Employment Services in the states where appellant indicated he had worked. Information was obtained from the states named by claimant, with the exception of Michigan. The Michigan Employment Services Bureau indicated that there were no wages reported for appellant in the third quarter of 1993.
When the Administrator could not verify that the Michigan employer paid unemployment taxes for wages paid to appellant, the Administrator disallowed these wages and weeks of employment in determining appellant's eligibility. The Administrator found that appellant had insufficient qualifying weeks to be eligible for unemployment benefits.
The Ohio Unemployment Compensation Review Commission determined that without verification from Michigan, appellant had insufficient qualifying weeks to be eligible for unemployment benefits. The Review Commission noted that appellant had failed to exhaust his administrative remedies. The Commission found that appellant could still request review by these states through an inter-states wages review process.
Appellant appealed the decision denying his claim for benefits to the Stark County Common Pleas Court. The court affirmed the finding that appellant had insufficient qualifying weeks to be entitled to unemployment compensation. Appellant assigns a single error on appeal to this court:
ASSIGNMENTS OF ERROR:
 THE TRIAL COURT ERRED IN FINDING THAT THE BOARD'S DECISION WAS BASED ON COMPETENT, CREDIBLE EVIDENCE AND NOT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellee has agreed that this case should be remanded for the purpose of allowing appellant to file the appropriate paperwork to establish his claim with respect to the State of Michigan.
Accordingly, the judgment of Stark County Common Pleas Court affirming the decision of the Board of Review is reversed. This case is remanded to the Ohio Unemployment Compensation Review Commission. Appellant is ordered to prepare and file Form IB-14 with the State of Michigan. In the event that pay records have been destroyed in the State of Michigan, appellant shall be entitled to unemployment compensation.
By: Reader, J., Gwin, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
CASE NO. 1997CA00072
For the reasons stated in the Memorandum-Opinion on file, the judgment of Stark County Common Pleas Court affirming the decision of the Board of Review is reversed. This case is remanded to the Ohio Unemployment Compensation Review Commission. Appellant is ordered to prepare and file Form IB-14 with the State of Michigan. In the event that pay records have been destroyed in the State of Michigan, appellant shall be entitled to unemployment compensation. Costs to appellant.